O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   DISCOVERY PIER LAND          )  Case No. CV 15-02590 DDP (AJWx)
     HOLDINGS, LLC, a Missouri    )
12   Limited Liability Company    )  **ORDER GRANTING DEFENDANT'S MOTION
     formerly known as BBN, LLC,  )  TO STRIKE AND GRANTING
13                                )  PLAINTIFF'S MOTION FOR LEAVE TO
                       Plaintiff, )  FILE FIRST AMENDED COMPLAINT AND
14        v.                      )  JOIN ADDITIONAL PARTIES**
                                  )
15                                )  [Dkt. Nos. 77, 80]
     VISIONEERING                 )
16   ENVISION.DESIGN.BUILD, INC., )
     a Delaware Corporation,      )
17                                )
                       Defendants.)
18   _____)

19

20        Presently before the Court are (1) Defendant's Motion to

21   Strike Plaintiff's First Amended Complaint ("FAC") and (2)

22   Plaintiff's Motion for Leave to File a First Amended Complaint and

23   Join Additional Parties.  (Dkt. Nos. 77, 80.)  After considering

24   the parties' submissions, the Court adopts the following Order.

     **I.   BACKGROUND**
25
          This breach of contract case arises out of a dispute between
26
     Plaintiff Discovery Pier Land Holdings, LLC ("Discovery Pier") and
27
     Defendant Visioneering ENVISION.DESIGN.BUILD, Inc. ("VEDB").
28
     Discovery Pier holds title to land in Missouri that it intended to

develop into a mixed use project also named Discovery Pier. (Compl., Notice of Removal, Dkt. No. 1, ¶¶ 3-4.)  VEDB and Discovery Pier entered into a contract ("Development Services Agreement") where VEDB would be the architect and planner of the Discovery Pier project, with tasks including securing tax benefits, attracting investors, and performing other development activities. (Id. ¶¶ 6-7, 10-12.)  In exchange, Discovery Pier would pay VEDB "an amount equal to forty percent (40%) of the increase in the value of the Property," as determined by provisions in the Development Services Agreement.  (Id. Ex. Development Services Agreement, ¶ 4.1.)  Discovery Pier now alleges that VEDB breached the contract, utilized "unfair and deceptive billing practices," and wrongfully asserted a contractual lien against Discovery Pier's property, thus lessening the value of the property.  (Id. ¶ 20-23, 35.)  VEDB has claimed that Discovery Pier is the party in breach and that it is owed "in excess of $270,000.00 for services provided."  (Id. ¶ 27; see also Am. Counterclaim, Dkt. No. 56, ¶¶ 13, 28 (asking for $270,000 in services rendered and $33,218,087 in lost profits).)

This case was first filed in Missouri state court and Defendant removed to federal court.  (Notice of Removal, Dkt. No. 1.)  Thereafter, Defendant filed a Motion to Transfer to federal court in California pursuant to a choice of law provision in the parties' contract.  (Dkt. No. 11.)  The Missouri federal court granted the Motion to Transfer on April 2, 2015.  (Dkt. No. 38.)  This Court set a scheduling conference for August 10, 2015.  (Dkt. No. 50.)  On July 30, 2015, the parties stipulated to allow Defendant to file an Amended Answer and Counterclaims, and for

1  Plaintiff to respond to the amended counterclaims, and the Court
2  granted the stipulation.  (Dkt. Nos. 54, 55.)  The Court issued its
3  Scheduling Order on October 2, 2015.  (Dkt. No. 61.)  This
4  Scheduling Order set the last day to join other parties and amend
5  the pleadings as December 9, 2015.  (Id.)  Fact discovery is set to
6  cut off on May 9, 2016.  (Id.)  On December 9, 2015, Plaintiff
7  filed a First Amended Complaint ("FAC").  (Dkt. No. 62.)  This FAC
8  added eight new parties, including individuals and entities alleged
9  to be alter egos of Defendant VEDB, and added new causes of action
10  related to the same conduct described in the original complaint,
11  such as professional malpractice and a request for specific
12  performance.  (Id.)

13      Although subject to some dispute, it appears that pursuant to
14  a Local Rule 7-11 meet and confer on December 16, 2015, Plaintiff
15  learned that Defendant VEDB planned to file a motion to strike the
16  FAC.  (See Def. Opp'n Mot. Amend at 8.)  Plaintiff filed a motion
17  to file a first amended complaint the next day, which was struck
18  from the docket on December 18, 2015, for improper filing.  (Dkt.
19  Nos. 75, 76.)  Then, on December 23, 2015, Defendant filed its
20  Motion to Strike the First Amended Complaint.  (Mot. Strike, Dkt.
21  No. 77.)  On January 11, 2016, Plaintiff properly filed a Motion
22  for Leave to Join Additional Parties and File First Amended
23  Complaint.  (Mot. Amend, Dkt. No. 80.)

24  **II.  LEGAL STANDARD**

25      **A.  Motion to Strike**

26      Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP")
27  allows a court to strike "redundant, immaterial, impertinent, or
28  scandalous matter" from pleadings on its own or on a party's

3

1   motion.  Fed. R. Civ. P. 12(f).  Immaterial matter is that which

2   has no bearing on the claims for relief or the defenses being pled.

3   Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir.

4   2010).  Under Rule 12(f), the court has the discretion to strike a

5   pleading or portions thereof.  MGA Entm't, Inc. v. Mattel, Inc.,

6   No. CV 05-2727 NM, 2005 WL 5894689, at *4 (C.D. Cal. 2005).  "A

7   motion to strike under Rule 12(f) should be denied unless it can be

8   shown that no evidence in support of the allegation would be

9   admissible, or those issues could have no possible bearing on the

10  issues in the litigation."  Gay-Straight Alliance Network v.

11  Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal.

12  2001).  In considering a motion to strike, the court views the

13  pleadings in the light most favorable to the non-moving party.  See

14  In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D.

15  Cal. 2000).

16      **B.  Leave to Amend**

17      FRCP 15(a) provides for amending pleadings before trial.  Rule

18  15(a)(1) allows a party to amend a pleading "once as a matter of

19  course within: (A) 21 days after serving it, or (B) if the pleading

20  is one to which a responsive pleading is required, 21 days after

21  service of a responsive pleading or 21 days after service of a

22  motion under Rule 12(b), (e), or (f), whichever is earlier."  All

23  other amendments require a party to have "the opposing party's

24  written consent or the court's leave," but the court "should freely

25  give leave when justice so requires."  Fed. R. Civ. Pro. 15(a)(2).

26  Under Rule 16, a court is required to issue a scheduling order

27  setting forth the time to join parties, amend the pleadings,

28  complete discovery, and file motions.  Id. 16(b)(1), (3).  "A

1  schedule may be modified only for good cause and with the judge's

2  consent." Id. (b)(4).

3  **III. DISCUSSION**

4      Defendant asks the Court to strike Plaintiff's FAC as

5  improperly filed because it was not stipulated to or given with

6  leave of Court. (Mot. Strike at 2, 7-8.) Defendant argues that

7  the FAC is "abusively" seeking to add eight new parties without

8  sufficient factual basis because none of the new parties were

9  parties to the contract in dispute. (Reply ISO Mot. Strike at 4.)

10     Plaintiff responds that the FAC was proper under the Court's

11 Scheduling Order, which set the last time to amend pleadings and

12 add parties as December 9, the day the FAC was filed. (Pl. Opp'n

13 Mot. Strike at 2-5.) Further, to the extent the FAC is late,

14 Plaintiff asks the Court for leave to file the FAC because

15 Defendants are not prejudiced and Plaintiff just learned of the

16 alter ego Defendants in deposition discovery with Defendant VEDB.

17 (Id. at 4-5.)

18     In Reply, Defendant argues that Plaintiff is subject to the

19 "good cause" standard of FRCP 16, not the leave to amend standard

20 of FRCP 15. (Reply ISO Mot. Strike at 3-6.) Further, Defendant

21 argues that there is no good cause to amend here because Plaintiff

22 cannot show it was diligent and adding new Defendants would delay

23 the case and not provide sufficient time for factual discovery.

24 (Id.)

25     Both parties make essentially the same arguments in the Motion

26 to Amend and the Opposition to that Motion. Plaintiff argues that

27 it took the depositions of Defendant VEDB's principals from

28 December 2, 2015, to December 4, 2015, where Plaintiff learned of

1  the facts supporting the alter ego theory, which is why Plaintiff

2  needs leave to amend now, under either Rule 15 or 16.  (Mot. Amend

3  at 7-8; Reply ISO Mot. Amend at 6-9.)

4      Defendant argues that Plaintiff failed to meet and confer

5  before filing the motion and that Plaintiff does not meet the

6  requisite good cause standard for amendment here.  (Def. Opp'n Mot.

7  Amend at 3-10.)  Defendant further claims that Plaintiff has not

8  been diligent and has no evidence to support its theory of alter

9  ego.  (Id.)  Thus, Defendant seeks attorney fees in the amount of

10  $3,005.00 for the cost of filing its Motion to Strike and the

11  Opposition to Plaintiff's Motion, arguing that Plaintiff filed a

12  meritless motion in contravention of the local rules.  (Id.)

13      **A.   Rule 15 Amendment**

14      As described above, FRCP Rule 15(a)(2) allows for the

15  amendment of a pleading by stipulation of the parties or leave of

16  court after the time period for amendment as a matter of course has

17  passed.  Fed. R. Civ. Pro. 15(a)(1), (a)(2).  Here, the time period

18  for amendment as a matter of course passed twenty-one days after

19  Defendant served its responsive pleading, which was January 7,

20  2015, the date Defendant also filed its Motion to Transfer.

21  (Answer to Complaint, Counterclaim, Dkt. No. 10.)  Plaintiff did

22  not file its FAC until December 9, 2015, which is not within the

23  time for amendment as a matter of course.  Plaintiff also did not

24  have the leave of Court or a stipulation between the parties.

25  Therefore, the FAC was improperly filed.

26      Plaintiff argues that the Court's Scheduling Order allowed it

27  to file amended pleadings and join parties until December 9, 2015.

28  However, the Court's Order provides the last day to do so under the

1  FRCP, not the last day to do so without leave of Court or

2  stipulation pursuant to the FRCP.   Therefore, there are grounds for

3  Defendant's Motion to Strike because the FAC was improperly filed.

4  Further, as the time for amendment has now passed in the Scheduling

5  Order — and Plaintiff's Motion for Leave to Amend was filed after

6  that date had passed — the Court must consider any amendment

7  pursuant to the "good cause" standard in FRCP Rule 16.

8      **B.**   **Rule 16 Amendment**

9      FRCP 16 requires a court to issue a pretrial scheduling order

10  as described above.   Fed. R. Civ. Pro. 16(b).   Rule 16(b)(4)

11  states: "A schedule may be modified only for good cause and with

12  the judge's consent."   As the Ninth Circuit has explained, "Unlike

13  Rule 15(a)'s liberal amendment policy which focuses on the bad

14  faith of the party seeking to interpose an amendment and the

15  prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

16  primarily considers the diligence of the party seeking the

17  amendment."   <u>Johnson v. Mammoth Recs., Inc.</u>, 975 F.2d 604, 609 (9th

18  Cir. 1992).   Prejudice to the opposing party can be considered, but

19  "the focus of the inquiry is upon the moving party's reasons for

20  seeking modification."   <u>Id.</u>

21      Plaintiff argues that to the extent Rule 16's "good cause"

22  standard applies here, it has met the standard as set forth in <u>Hood</u>

23  <u>v. Hartford Life & Accident Ins. Co.</u>, 567 F. Supp. 2d 1221 (E.D.

24  Cal. 2008).   There, the court explained that a party seeking an

25  amendment to the pleadings after the time allotted in the

26  Scheduling Order can establish good cause by showing

27         (1) that he or she was diligent in assisting the court in
       creating a workable Rule 16 order; (2) that his or her

28         noncompliance with a Rule 16 deadline occurred or will

> occur, notwithstanding his or her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he or she was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.

Id. at 1224 (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal alterations omitted)).

Here, Plaintiff argues that it did exercise diligence as it filed (albeit improperly) a FAC a few days after it learned of the facts underlying the alter ego theory of liability and the identity of the alter egos. (Mot. Amend at 8; Reply ISO Mot. Amend at 8-9.) Plaintiff explained that it took depositions of principals of VEDB (John Parker, Mel McGowan, and others) from December 2nd through 4th and from that learned "there were sufficient grounds to join third parties to this matter either under the theory of piercing the corporate veil or under . . . the theory of alter ego liability." (Reply ISO Mot. Amend at 8.) Plaintiff claims that it filed its FAC shortly thereafter, and then its Motion for Leave to Amend upon learning that was the proper procedure. (Id.) Further, Plaintiff argues there is no prejudice to any of the parties in the amended pleading because all the newly joined parties are related to Defendant VEDB and thus were aware of the suit and the claims involved. (Mot. Amend at 8; Reply ISO Mot. Amend at 8-9.)

The Court finds that Plaintiff has established diligence. While Plaintiff may have misunderstood the applicable law as to amending pleadings, once Plaintiff discovered the facts supporting the joinder of the additional parties and theories of liability, Plaintiff acted swiftly to join those parties or alert the Court to its need to amend. Plaintiff had abided by and assisted the Court

1  in making the Rule 16 Scheduling Order, and as Plaintiff's

2  misunderstanding of the law demonstrates, Plaintiff took the

3  dictates of the Order seriously and attempted to comply with them.

4      Further, there is no prejudice to Defendant in allowing the

5  joinder of the new parties and claims.  The claims relate to and

6  arise out of the same underlying conduct as alleged in the previous

7  complaint.  The new parties are alleged to be members of or related

8  to Defendant VEDB, and are also able to file motions to dismiss if

9  they contest the joinder.  Therefore, the Court finds that there is

10  good cause to amend the Court's Scheduling Order and allow

11  Plaintiff to amend its pleading.

12  **IV.  CONCLUSION**

13      For all the reasons discussed above, the Court GRANTS

14  Defendant's Motion to Strike and GRANTS Plaintiff's Motion for

15  Leave to Amend.  Plaintiff's First Amended Complaint is hereby

16  struck from the docket.  (Dkt. No. 62.)  Plaintiff has fourteen

17  days from the date of this Order to file its First Amended

18  Complaint.  Defendant's request for attorneys' fees is DENIED.

19

20  IT IS SO ORDERED.

21

22

23  Dated: February 25, 2016                    DEAN D. PREGERSON

                                                United States District Judge

24

25

26

27

28

9